IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-

KASONDRA MATHEWS on her own behalf and on behalf of all others similarly situated,

    Plaintiff,

v.

ELITE NURSES MANAGEMENT LLC,

    Defendant.

---

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(c) – FEDERAL QUESTION**

---

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Elite Nurses Management LLC ("Elite Nurses") hereby removes to this Court the state court action described below.

1. On May 1, 2024, an action was commenced in the District Court of the State of Colorado in and for the County of Jefferson, entitled Kasondra Mathews on her own behalf and on behalf of all others similarly situated, Plaintiff, vs. Elite Nurses Management LLC, Defendant, as Case Number 2024CV30617. A copy of the complaint is attached hereto as **Exhibit A**.

2. Elite Nurses received a copy of the complaint by service on its registered agent for service of process (CT Corporation System) on May 6, 2024, when it was served with a copy of the complaint and a summons from the state court. A copy of the summons and return of service is attached as **Exhibit B**.

3. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by a defendant pursuant to the provisions of 28 U.S.C. § 1441(c) because it is a civil action alleging violations of the Fair Labor Standards Act ("FLSA), 29 U.S.C. § 201 *et seq.* for unpaid overtime, and is brought as a collective action pursuant to 29 U.S.C. § 216(b).

4. This Court shall also exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claim for unpaid overtime. Plaintiff's state law claim for unpaid overtime is so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Moreover, Plaintiff's state law claim for unpaid overtime does not (1) raise a novel or complex issue of state law, (2) substantially predominate over the claim or claims over which this Court has original jurisdiction, or (3) raise any other compelling reason(s) for declining jurisdiction.

5. This matter was removable upon service on May 6, 2024, and therefore this removal is timely.

6. After filing this Notice of Removal, Elite Nurses will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Jefferson District Court in accordance with 28 U.S.C. § 1446(d).

7. By removing this action from Colorado state court, Elite Nurses does not waive any defenses available to it.

8. By removing this action from Colorado state court, Elite Nurses does not admit any of the allegations in the complaint.

WHEREFORE, Elite Nurses removes the above-captioned action from the Colorado state court to the United States District Court for the District of Colorado.

Date: May 29, 2024                    Respectfully submitted,

                                                         **ASCENT LAW, PC**

                                         By:    */s/ Colin L. Barnacle*
                                                    Colin L. Barnacle
                                                    colin@ascent-employmentlaw.com
                                                    P.O. Box 6489
                                                    Denver, CO 80206
                                                    T: 720-456-2310

                                        Attorneys for Defendant ELITE NURSES MANAGE-MENT LLC

# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT<br>JEFFERSON COUNTY, COLORADO<br>100 Jefferson County Parkway<br>Golden, CO 80401<br><br>**PLAINTIFF:** KASONDRA MATHEWS on her own behalf and on behalf of all others similarly situated,<br><br>v.<br><br>**DEFENDANT:** ELITE NURSES MANAGEMENT LLC | DATE FILED: May 1, 2024 10:34 AM<br>FILING ID: 7A9E98D28B3A8<br>CASE NUMBER: 2024CV30617<br><br><br><br>☐   COURT USE ONLY   ☐ |
| Attorney for Plaintiff:<br>Brandt Milstein, Atty. Reg. # 42866<br>MILSTEIN TURNER, PLLC<br>2400 Broadway, Suite B<br>Boulder, CO 80304<br>Phone Number: 303.440.8780<br>brandt@milsteinturner.com | Case Number:<br><br><br><br>Ctrm/Div: |
| **CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES** | |

Plaintiff, by and through undersigned counsel, on her own behalf and on behalf of all others similarly situated, files this Class and Collective Action Complaint for Unpaid Wages against the above-named Defendant to recover unpaid overtime wages due.

## STATEMENT OF THE CASE

1. Defendant is a staffing agency that employs Certified Nursing Assistants (CNAs), Licensed Practical Nurses (LPNs), Registered Nurses (RNs) and Caregivers and provides them to health care facilities to meet the facilities' staffing needs.

2. Despite the fact that all Defendant's employees were non-exempt health care workers entitled to overtime pay for overtime hours worked, Defendant failed to pay overtime wages to some or all of their employees.

3. Defendant violated the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Order (the "COMPS"), 7 CCR 1103-1, which requires employers to pay their employees overtime rates for overtime hours worked.

4.  Defendant also violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

5.  Defendant also violated the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101, *et seq.*, which requires employers to pay their employees all earned, vested and determinable wages and imposes penalties on employers who do not tender wages due upon receipt of a written demand for such wages.

6.  Plaintiff seeks, on her own behalf and on behalf of all others similarly situated, actual damages, liquidated damages, penalties, pre- and post-judgment interest, and attorney fees and costs for Defendant's violations of state and federal wage law.

## PARTIES, JURISDICTION, AND VENUE

7.  Plaintiff Kasondra Mathews was employed by Defendant from approximately 2020 through approximately December 31, 2023. Plaintiff Mathews' FLSA Consent to Join Form is attached as Exhibit 1.

8.  Defendant Elite Nurses Management LLC is a registered foreign limited liability company with its principal office street address at 2005 Trinity Oaks Rd., Weatherford, Texas, 76087.

9.  This Court has jurisdiction over Defendant pursuant to C.R.S. § 13-1-124 because Defendant transacts business in this state.

10. This Court has jurisdiction over the subject matter of this action pursuant to C.R.S. § 8-6-118, CCR 1103-1(8.1(A)), 29 U.S.C. § 216(b), and C.R.S. § 8-4-109.

11. Venue in this Court is proper pursuant to Colo. R. Civ. P. 98 because the claims arose in Jefferson county.

## FACTUAL ALLEGATIONS

12. The Defendant staffing agency employed Plaintiff and those similarly situated as health care workers and provided them to staff health care facilities around Colorado.

13. Though Plaintiff and others were not exempt from the overtime protections of Colorado and federal law, Defendant refused to pay all overtime wages due to some or all of its employees.

14. For example, during the one-week pay period running from February 20, 2022 through February 26, 2022, Plaintiff Mathews worked a total 81 hours, but was only paid overtime premium wages for 14 of the 41 overtime hours she worked. Similarly, during the February 27, 2022 through March 5, 2022 pay period, Plaintiff worked 78 hours, and was paid overtime premiums for 20 of the 38 overtime hours she worked.

15. Defendant subjected some or all of its hourly health care employees to the same policy and practice of avoidance of overtime premium payments.

16. Defendant's violations of federal and state wage law were willful.

17. At all times relevant to this action, Defendant employed persons, including Plaintiff and the Members of the Class she seeks to represent, within the State of Colorado.

18. At all times relevant to this action, Plaintiffs and all others similarly situated performed labor for the benefit of Defendant wherein Defendant commanded when, where, and how much labor Plaintiff and others were to perform.

19. Defendant enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

20. Each year relevant to this action, Plaintiff and other employees handled cleaning materials, medications, health care supplies, and other materials which moved in interstate commerce.

21. Plaintiff hereby demands, on her own behalf and on behalf of all others similarly situated, payment in an amount equal to all earned but unpaid wages due plus liquidated damages. Such payment should be made in care of undersigned counsel at the listed address.

## RULE 23 CLASS ALLEGATIONS AS TO THE FIRST CLAIM

22. Plaintiff asserts her First Claim, brought under the COMPS, as a C.R.C.P. Rule 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

23. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the Class as follows:

> All hourly employees who worked on or after May 1, 2018 who were not paid overtime wages for overtime hours worked.

24. This action is properly brought as a class action for the following reasons.

25. Some or all of Defendant' hourly employees were subject to Defendant' policy of refusing to pay overtime wages. Only those who were subject to the policy are Members of the putative Class.

26. The class is so numerous that joinder of all the potential Class Members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendant. However, Plaintiff believes and alleges that the number of Class Members is in the 100-150 persons range. Membership in the class is readily ascertainable from Defendant's employment records.

27. Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include whether Defendant failed to pay their employees overtime wages for hours worked.

28. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer choosing not to pay overtime premiums to their employees. The claims at issue arise from a policy applicable to all Members of the Class. Each Member of the Class suffered the same violations that Plaintiff challenges with her claim. If Defendant's policy of refusing to pay overtime wages was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent Members of the putative Class.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

30. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendant, the interests of absent Class Members are coincident with, and not antagonistic to, those of the representative Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

31. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

32. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

33. Those Class Members who worked for Defendant for short periods of time have small claims that they are unlikely to bring individually. All Members of the Class have claims that are factually very similar and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the COMPS counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

34. Plaintiff is unaware of any Members of the putative Class who are interested in presenting their claims in a separate action.

35. Plaintiff is aware of no pending litigation commenced by Members of the Class concerning the instant controversy.

36. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

37. The contours of the Class will be easily defined by reference to payroll documents that Defendant was legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all Members of the putative Class are or were recently employed by Defendant and Defendant was required to create and maintain records containing the mailing addresses of each Class Member.

## COLLECTIVE ACTION ALLEGATIONS AS TO THE SECOND CLAIM

38. Plaintiff brings her FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendant. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the "FLSA Collective" as encompassing:

> All hourly employees who worked on or after May 1, 2021 who were not paid overtime wages for overtime hours worked.

39. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

40. All potential collective action Members are similarly situated because they worked for Defendant and were subject to Defendant' common policy of avoiding overtime wage payments.

## RULE 23 CLASS ALLEGATIONS AS TO THE THIRD CLAIM

41. Plaintiff asserts her Fourth Claim, brought under the CWCA, as a C.R.C.P. Rule 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

42. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "CWCA Class" as follows:

> All hourly employees who worked on or after May 1, 2021 who were not paid all earned, vested and determinable wages.

43. This action is properly brought as a class action for the following reasons.

44. Defendant failed to pay all their hourly employees all earned, vested and determinable wages.

45. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendant. However, Plaintiff believes and alleges that the number of Class

Members is in the 50-100 persons range. Membership in the class is readily ascertainable from Defendant' employment records.

46. Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendant failed to pay their employees all earned, vested and determinable wages, whether Defendant received a written demand for wages due to all employees, and whether Defendant tendered any monies in response to that demand.

47. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay all earned, vested and determinable wages due. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with her claims. If Defendant' policy of failing to pay all wages due was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

49. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendant, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

50. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

51. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

52. Those Class Members who worked for Defendant for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purpose of the CWCA counsels toward vindicating the rights of those employees with small claims as part of the larger Class.

53. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

54. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

55. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

56. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

57. The contours of the class will be easily defined by reference to the payroll documents that Defendant were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendant and Defendant were required to create and maintain records containing the mailing addresses of each class member.

### FIRST CLAIM – Failure to Pay Overtime Premiums
### Violation of the COMPS, 7 CCR 1103-1

1. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

2. Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated. C.R.C.P. Rule 23.

3. Defendant was Plaintiff's and others' "employer" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

4. Plaintiff and others were Defendant' "employees" as that term is defined by the COMPS because they performed labor for the benefit of the Defendant. 7 CCR 1103-1(1.5).

5. Defendant violated the COMPS when they refused to pay Plaintiff and others overtime wages for all hours worked beyond forty each workweek and for all hours worked beyond twelve each workday. 7 CCR 1103-1(4.1.1).

6. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

7. Plaintiff and others are entitled to recover unpaid wages, attorney fees and costs of the suit. C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

### SECOND CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

1. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

2. Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

3.      Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

4.      Defendant "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

5.      Defendant was Plaintiff's and others' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

6.      Defendant violated the FLSA when it refused to pay Plaintiff and others overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

7.      Defendant's violations of the FLSA were willful. 29 U.S.C. § 255(a).

8.      Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

9.      Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

### THIRD CLAIM – Failure to Pay All Earned, Vested and Determinable Wages
### Violation of the CWCA (C.R.S. § 8-4-101, *et seq.*)

1.      Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

2.      Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated. C.R.C.P. Rule 23.

3.      Defendant was Plaintiff's and others' "employer" as that term is defined by the CWCA because they employed Plaintiff and others in Colorado. C.R.S. § 8-4-101(6).

4.      Plaintiff and others were Defendant's "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendant. C.R.S. § 8-4-101(5).

5.      Defendant violated the CWCA when they failed to pay Plaintiff and those similarly situated all earned, vested and determinable wages. C.R.S. § 8-4-109.

6.      Defendant incurred penalties under the CWCA if they failed to tender wages due within 14 days of receipt of Plaintiff's demand for all wages due to her and to those similarly situated. C.R.S. § 8-4-109.

7.      Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

8.      Plaintiff and others are entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

**WHEREFORE**, Plaintiff prays, as to her FIRST CLAIM, that:

a. This action be certified as a class action pursuant to C.R.C.P. Rule 23;

b. She be certified as the class representative of the COMPS Class;

c. Undersigned counsel be appointed Rule 23 class counsel;

d. Prompt notice of this litigation be sent to all putative COMPS Class members;

e. She and the COMPS Class be awarded the wages they are due, together with attorney fees and costs of suit;

f. She be awarded a service award in recognition of his work as representative of the COMPS Class; and

g. She and the COMPS Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her SECOND CLAIM, that:

a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential members of the collective;

b. She and the FLSA Collective members be awarded unpaid overtime premiums;

c. She and the FLSA Collective members be awarded liquidated damages as required by law;

d. She and the FLSA Collective members be awarded pre-judgment and post-judgment interest as permitted by law;

e. She and the FLSA Collective members be awarded costs and attorney fees;

f. She be awarded a service award in recognition of her work as representative of the FLSA Collective; and

g. She and the FLSA Collective members be awarded such other and further relief as may be necessary and appropriate.

And, as to her THIRD CLAIM, that:

a. This action be certified as a class action pursuant to C.R.C.P. Rule 23;

b. She be certified as the class representative of the CWCA Class;

c. Undersigned counsel be appointed Rule 23 class counsel;

d. Prompt notice of this litigation be sent to all putative CWCA Class members;

e. She and the CWCA Class members be awarded the wages earned, vested and determinable wages they are due;

f. She and the CWCA Class members be awarded statutory penalties;

g. She and the CWCA Class members be awarded attorney fees and costs of suit;

h. She be awarded a service award in recognition of her work as representative of the CWCA Class; and

i. She and the CWCA Class be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted this 1st day of May, 2024 by:

*s/ Brandt Milstein*
MILSTEIN TURNER, PLLC
2400 Broadway, Suite B
Boulder, CO 80304
303.440.8780
brandt@milsteinturner.com

*Attorney for Plaintiff*

Plaintiff's Address:

7242 S. Blackhawk St. #5-201
Englewood, CO 80112

# EXHIBIT B

| | |
|---|---|
| DISTRICT COURT JEFFERSON COUNTY, COLORADO<br>100 Jefferson County Parkway, Golden, CO 80401 | |
| Plaintiff(s) / Petitioner(s): **KASONDRA MATHEWS on her own behalf and on behalf of all others similarly situated,**<br><br>v.<br><br>Defendant(s) / Respondent(s): **ELITE NURSES MANAGEMENT LLC** | DATE FILED: May 8, 2024 11:35 AM<br>FILING ID: 64B992E418ADD<br>CASE NUMBER: 2024CV30617<br><br>▲ COURT USE ONLY ▲<br><br>Case No.: 2024CV30617 |
| **AFFIDAVIT OF SERVICE** | |

I, Jason Newberger, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to Elite Nurses Management LLC in Arapahoe County, CO on May 6, 2024 at 2:12 pm at 7700 East Arapahoe Road, ste 220, Centennial, CO 80112 by leaving the following documents with Mikayla Kranzusch who as Intake Specialist at CT Corporation System is authorized by appointment or by law to receive service of process for Elite Nurses Management LLC.

Consent to Join Form
Anti-Retaliation and Anti-Spoliation Correspondence
Complaint
Cover Sheet
Summons

White Female, est. age 18-24, glasses: Y, Brown hair, 160 lbs to 180 lbs, 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=39.5943029,-104.8993948
Photograph: See Exhibit 1

Total Cost: $85.00

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF COLORADO THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

